F. W. WHITE et al., Appellants,

v.

ROY ROY DAIRY, INC., Appellee.

No. 4698.

Court of Civil Appeals of Texas,
Eastland.

Nov. 15, 1974.

Rehearing Denied Jan. 31, 1975.

E. L. (Lanny) Hamby, Brown, Hamby &
Bancroft, Big Spring, for appellants.

Pat M. Baskin, Legg, Saxe & Baskin,
Midland, for appellee.

McCLOUD, Chief Justice.

Roy Roy Dairy, Inc., sued F. W. White
and B. R. White, individually and as part-
ners, for actual and exemplary damages for
breach of contract. The trial court entered
judgment based on jury findings against
both defendants for actual and exemplary
damages. Defendants appeal the exempla-
ry damages award of $4,681.97. We reverse
and render.

The record reflects that defendants, F.
W. White and B. R. White, owned and
operated a dairy and contracted to sell 1354
pounds of "milk base" to plaintiff. All
parties were members of Associated Milk
Producers, Inc. (A.M.P.I.) and each agreed
to execute the appropriate form to effectu-
ate the transfer. After the transfer form
was properly executed it was retained in
the Abilene office of A.M.P.I., together

with plaintiff's check for the purchase price. Before the transaction was completed B. R. White went to the A.M.P.I. office and asked a secretary, Charlene McLeod, if he could see the executed transfer form. After examining the form he put it in his pocket and told the secretary to return the check to plaintiff. He took the executed form with him when he left the office.

The jury found that defendants breached the contract and awarded plaintiff actual damages. There is no appeal from that award. Defendants contend, however, there is no evidence to support the award of exemplary damages. We agree.

Plaintiff contends it is entitled to exemplary damages because of the jury's findings that B. R. White fraudulently induced Charlene McLeod to relinquish possession of the transfer form for the specific purpose of repudiating the contract.

The jury found that when B. R. White asked Charlene McLeod to let him see the transfer form he did not intend to only look at the form, but he intended to remove it from the A.M.P.I. office; that by taking the executed transfer form he intended to repudiate the contract; that when he falsely stated his intentions to Charlene McLeod he intended that she act and rely on such false statement; and that when Charlene McLeod handed the transfer form to B. R. White she was relying on his false statement.

The court in McDonough v. Zamora, 338 S.W.2d 507 (Tex.Civ.App.—San Antonio 1960, writ ref. n. r. e.) announced the general rule that exemplary damages are not recoverable in actions for breach of ordinary commercial contracts, even though the breach is brought about capriciously and with malice. The court discussed in detail the authorities supporting the general rule and its exceptions. Justice Pope concluded:

"  .   .   . It is believed, however, that the cases which apply the correct rule are

those in which punitive damages have been allowed if and only if, a distinct tort is alleged and proved, independent of the contract action."

See also: 25 C.J.S. Damages § 120; 22 Am.Jur.2d, Damages § 245; Restatement, Contracts, § 342; Williston, Contracts, Vol. III, § 1340 (1921).

In the instant case the distinct tort, independent of the contract action, was committed against Charlene McLeod, who was not a party to the contract. We think exemplary damages for breach of contract should be recoverable only if the tort is committed by the defaulting party against the party seeking exemplary damages.

The judgment is reversed and rendered.